# CHARLESTON.

## McSWEGIN *v.* HOWARD.

Submitted June 5, 1909. Decided December 21, 1909.

1. . EXECUTORS AND ADMINISTRATORS—*Sale of Defendant's Land.*
   Decree of sale held not erroneous. (p. 572).

Appeal from Circuit Court, Hancock County.

Bill by James D. McSwegin, administrator, against Adolphus P. Howard and others. Decree for plaintiff, and defendants appeal.

*Affirmed.*

*John A. Campbell* and *G. B. Caldwell,* for appellants.

66 W. Va.

*J. R. Donehoo* and *Hart & McKenzie,* for appellee.

Brannon, Judge:

The character of this case will appear in a former decision in it. 63 W. Va. 92. The decree there reversed in part was one dating 18th July, 1906. After the case returned to the circuit court another decree was entered, 30th April, 1908. It is from this decree that Adolphus P. Howard and William Hewitt, as executors of Robert Hewitt, and R. Brown Hewitt and William Hewitt, children and devisees, appeal. The appeal is not from the decree of 18th July, 1906; but I suppose this appeal would bring it before us, as this appeal was allowed within two years from its date, if there were any errors in it assigned, but there are not specifically. The assignment of error is only to the last decree. The decree of July 18, 1906, ascertained certain debts against the estate of Robert Hewitt and decreed the land to be sold for their payment, and for the benefit of his children devisees, as his will directed. The last decree adjudicated nothing, but simply recognized the mandate of this Court, and directed the special commissioners for sale appointed by the decree of 18th July, 1906, to proceed to make sale of the land in accordance with that decree, and carry out its provisions as far as not reversed by this Court on the former appeal. Our former decree reversed "so much and so much only" of the decree of 18th July, 1906, as decreed the sum of $764.32 personally against A. P. Howard and William Hewitt, executors, in favor of the administrator of Edwin McSwegin and Alice H. McSwegin, and remanded the cause for further proceedings. It is contended that our former decree operated to affirm the decree of 18th July, 1906, so far as it did not reverse it. This could be so only by inference, as our decree does not affirm in terms. Were this the case, we could dismiss the case by saying we could not review that decree, because of *res judicata;* and as the last decree adjudicates nothing, but simply executes the former decree, we could not consider even the last decree. But we do not proceed on this basis. We shall look into these two decrees. What is wrong in them? The former decree fixed debts, and decreed the land to sale to pay them, and for the benefit of the children, as Robert Hewitt's will directed. No

error is assigned to the allowance of debts or declaration of the rights of the children claiming under the will. No specification of error is made to the first decree, the only one material. The assertion is that no sale should have been ordered by the last decree. Why not? It is said that all debts have been paid by some of the children. That is asserted in the answer of R. B. Hewitt filed the day of the decree of 30th April, 1908, accompanied by no evidence. But say that all debts were paid. What of the rights of the children of Elizabeth McSwegin? Have they yet received their share? The will of her father gave her a share in his estate, directed a sale, and out of her portion that a fund of $2,000 go to Adolphus P. Howard and R. Brown Hewitt, to hold in trust to pay Elizabeth McSwegin its interest during life, and then to go to her children, and now due them, she being dead. The will is dated 30th January, 1869, and was probated 18th May, 1869, forty years ago, and Elizabeth McSwegin has died, and one of her two children is dead, and no sale as directed by the will, no trust fund raised as it directed. Have not her children right to have a sale to get their share? It is said she agreed that the land be held for an effort to pay debts from it, as stated in the former opinion. But was that binding on her? If so, and the debts have been paid, still her children are entitled to have their share from the sale of the land. They are entitled to it free of trust for their mother, she being dead. Other heirs cannot hold the land free of their rights in proceeds of sale. They have right to have a conversion into money. The answer of R. B. Hewitt alleges that all the other claimants under the will of Robert Hewitt have conveyed their entire interests in the estate to William and R. B. Hewitt, except the McSwegin share. What as to that share? Do William and R. B. Hewitt, who are in possession, expect to keep possession and ignore the rights of Elizabeth McSwegin's children? How can they get their rights except by a sale, unless they sell to William and R. B. Hewitt? So, we say there is no error in directing a sale, which is the sole complaint.

It is said that the order of sale violates our former decision. By no means. If our decision operates further than to reverse the personal decree against the executors, it warrants the sale

order, for it then would affirm all the balance of the former decree, including its provision for a sale. It is even said that the circuit court had no longer jurisdiction. Did we oust it? We left the decree, except so far as reversed, untouched and in full force, if our decision did not affirm it logically. We expressly remanded the case for further proceedings, thus allowing the circuit court to go on with it by further proceeding, which was to sell for debts and distribution.

It is said the land will no more than pay debts, and leaves nothing for the McSwegins. How have they been paid, as R. B. Hewitt says they have been? Out of the land? Then there would be something for the McSwegins. But in advance of sale we cannot, in a legal point of view, say that the land will no more than pay the debts.

We affirm the decree.

*Affirmed.*